(No. 82-CC-2350—)

L. K. COMSTOCK & COMPANY, INC., a New York corporation, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 26, 1984.*

*Amended opinion filed June 28, 1984.*

O'HALLORAN, LIVELY & WALKER (PAUL T. LIVELY, of counsel), for Claimant.

Neil F. Hartigan, Attorney General (Erin O'Connell, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Montana, J.

This matter coming to be heard on the joint stipulation of the parties hereto, due notice having been given and the Court being fully advised;

Finds that this claim for construction services was performed by the Claimant for the Capital Development Board. The services were properly authorized and performed to the specifications and satisfaction of the Capital Development Board. This Claim arises because project funds were exhausted prior to payment of the Claimant for the services herein claimed. Furthermore, $60,000.00 held in retainage under a Retention Trust agreement shall be promptly released to the Claimant.

Section 30 of An Act in relation to State finance (Ill. Rev. Stat. 1981, ch. 127, par. 166) prohibits obligating the State to any indebtedness in excess of the money appropriated. Therefore, the Court has no authority to grant an award on this claim because to do so would be to add money to the project account which was not appro-

priated by the General Assembly. It is hereby ordered that the claims herein be dismissed without prejudice.

## AMENDED OPINION

ROE, C.J.

This is a claim by a prime contractor on a Capital Development Board project for breach of contract. The case is before the Court on a joint stipulation.

The facts as alleged in the complaint are briefly as follows. On or about May 5, 1977, the Respondent awarded the Claimant a contract for the provision of certain electrical work for the University of Illinois Replacement Hospital Project located in Chicago, Illinois, and known as CDB Project No. 830-030-007. Pursuant to the terms of the contract the Claimant was to be paid a base contract price, including alternates, of $6,201,892.00 plus change orders and less deletions to the base. During the course of Claimant's performance of the contract the base was increased to $6,631,764.14 due to various change orders agreed upon by the parties. To date the Respondent has paid the Claimant on performance of the contract the sum of $6,333,556.80 leaving a balance due and owing of $299,207.34. The Claimant alleges breach of contract for the Respondent's wrongful refusal to pay. Prior to the filing of the claim Respondent took no action except to attempt to backcharge $266,162.00 to the Claimant's contract, which backcharge Claimant contests.

In order to settle and compromise this claim the parties stipulated and agreed to the reduction of a change order (No. 31—EL—19) from $161,977.00 to $138,240.71, thereby reducing the balance due to $295,471.05 and adjusting the Claimant's prayer for relief

accordingly. Respondent then consented to entry of judgment in favor of the Claimant and against the Respondent in the amount of $275,471.05. It was understood and agreed that in partial satisfaction of the judgment the amount of $60,000.00 will be promptly released and paid to the Claimant from the Retention Trust Account arrangements established under the Retention Trust Agreement with the Claimant and the Harris Trust and Savings Bank of Chicago for the construction project. Said payment will be made plus interest under the terms of the Retention Trust Agreement.

The remaining balance of $215,471.05 represents the amounts not paid by the Respondent for change order No. 31—EL—18 in the amount of $77,230.34 and change order No. 31—EL—19 in the amount of $138,240.71 both of which the Respondent acknowledged are properly payable as change orders to the owner-contractor agreement. The Respondent acknowledged that the Claimant performed the work required by these two change orders at the direction of the Respondent acting by and through the Capital Development Board, that the Claimant has fully and properly completed all work required thereunder, and that the change orders are otherwise due and payable. Respondent affirmed that the sole reason the two change orders have not been paid is because the Respondent has heretofore not appropriated money for their payment.

The Respondent further acknowledged that it does not now have and agrees not to assert any claim or demand against the Claimant arising out of or in any way related to the construction of CDB project No. 830-030-007 for purported delays in the completion of construction, although it did reserve all claims, demands, causes

of action, or suits which it has or may have against any other person or entity arising out of or in any way related to the subject matter of the project.

Lastly, it was agreed that funds for change order Nos. 31—EL—18 and 31—EL—19 should be appropriated as there is no dispute that the work required by those change orders was requested by the Respondent through the Capital Development Board and was completed by the Claimant.

Although this Court is not bound by such stipulations, we do not ·seek to interpose controversy where none appears to exist. This stipulation appears to have been entered into fairly and at arms length and, based solely on the record before us, *we concur* with the parties with the exceptions noted hereinafter.

Because no funds were appropriated for the change orders which are the subject of this lawsuit we cannot concur in entering judgment for the Claimant and against the Respondent. It is a basic rule in the Court of Claims that where an insufficient amount of appropriations have lapsed or where no appropriation was made to pay an obligation, this Court will not make an award. (*J. T. Blankenship and Associates v. State* (1975), 31 Ill. Ct. Cl. 116.) Appropriating funds for public use is constitutionally solely the power of the legislature and were we to make an award herein we would in effect be usurping the legislative prerogative. For that reason we make no comment as to the parties' stipulation that such funds should be appropriated. In addition, issuance of or agreement to the change orders by the Capital Development Board was prohibited by Ill. Rev. Stat. 1981, ch. 127, par. 166 which provides "No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind

the State in amount in excess of the money appropriated, unless expressly by law."

It does appear however that the $60,000.00 remaining in the Retention Trust Account was appropriated for this project and can be paid to the Claimant without any action or opinion by this Court.

Accordingly, it is hereby ordered that this claim be, and hereby is, denied.